UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JAMES COLLINS,

                              Plaintiff,                        16-CV-03780 (SN)

               -against-                             **OPINION & ORDER**

TRAVERS FINE JEWELS INC., et al.,

                             Defendants.
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       Plaintiff James Collins commenced this action on May 20, 2016, asserting claims of breach of contract, violations of the Uniform Commercial Code, fraudulent misrepresentation, negligence, fraud, unfair and deceptive trade practices, and false advertising claims against defendants Travers Fine Jewels Inc. and Sam Kassin. Defendants filed an answer on June 20, 2016, asserting two counterclaims. Plaintiff now moves to dismiss defendants' second counterclaim, for defamation, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's motion is GRANTED.

## BACKGROUND

       The relevant portion of defendants' June 20, 2016 Answer and Counterclaims are:

       Upon information and belief, Plaintiff published and distributed inaccurate, libelous and defamatory statements as to the value of the jewelry purchased by him over a period of time from Travers.

       The allegations of value were inaccurate and incorrect, and were procured by Plaintiff in an effort to demean, insult and vilify Defendants.

       Plaintiff knew or had reason to know that the alleged appraisals inaccurately described the items purchased by him from Defendants.

> As a result of such false statements, Defendants were damaged in their business and in their reputation in the amount of at least $500,000, together with such punitive charges as the Court shall direct.

Answer, Affirmative Defenses and Counterclaims ¶¶ 23–26 (ECF No. 21). Plaintiff moved to dismiss this defamation counterclaim on the ground that defendants failed to state a claim.

## DISCUSSION

### I.   Standard of Review

"A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." Radiancy, Inc. v. Viatek Consumer Prods. Grp., Inc., 138 F. Supp. 3d 303, 313 (S.D.N.Y. 2014). The allegations in the counterclaim are accepted as true and all reasonable inferences are drawn in the counterclaimant's favor. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), a counterclaim must allege facts that, accepted as true, "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "require[s] enough facts to 'nudge [the] claims across the line from conceivable to plausible.'" Id. (quoting Twombly, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

At the outset, the Court identifies those allegations that, because they are mere legal conclusions, are not entitled to the assumption of truth. See Iqbal, 556 U.S. at 679. Defendants' allegations that the purported statements were "libelous and defamatory" are "naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 545 (a claim repeating "labels and conclusions, and a formulaic recitation of the elements of a cause of action" will not suffice). Accordingly, the Court does not consider the portion of

paragraph 23 of the Answer and Counterclaims that simply recites the statements as "libelous and defamatory." Answer, Affirmative Defenses and Counterclaims ¶ 23 (ECF No. 21).

The remaining allegations assert that plaintiff "published and distributed" statements concerning the value of jewelry, that those statements were "inaccurate and incorrect," and that plaintiff "procured" these statements "in an effort to demean, insult and vilify" defendants. Id. ¶¶ 23–25. Defendants further refer to these statements as "appraisals." Id. ¶ 25.

## II.     Elements of Defamation

Defamation claims in federal court are governed by the liberal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. See DiFolco v. MSNBC Cable, LLC, 622 F.3d 104, 110–11, 113–14 (2d Cir. 2010). Although New York law sets a heightened pleading standard for defamation claims, New York pleading requirements do not apply to a defamation claim in federal court. See Pasqualini v. MortgageIT, Inc., 498 F. Supp. 2d 659, 671–72 (S.D.N.Y. 2007) (applying federal pleading requirements to defamation claims). Under Rule 8's liberal pleading requirements, a claimant need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claimant need not plead *in haec verba* the allegedly defamatory words. See Yukos Capital S.A.R.L. v. Feldman, 15 Civ. 4964 (LAK), 2016 WL 183360, at *1 (S.D.N.Y. Jan. 11, 2016). Rule 8, however, still requires that the pleading be specific enough to afford the opposing party "sufficient notice of the communications complained of to enable him to defend himself." Germain v. M&T Bank Corp., 111 F. Supp. 3d 506, 537 (S.D.N.Y. 2015) (internal citation and quotation marks omitted).

The elements of a defamation claim in New York are: (1) a false statement about the claimant; (2) published to a third party without authorization or privilege; (3) through fault

amounting to at least negligence on the part of the publisher; (4) that either constitutes defamation per se or caused special damages. See Thai v. Cayre Grp., Ltd., 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010) (citing Gargiulo v. Forster & Garbus, Esqs., 651 F. Supp. 2d 188, 192 (S.D.N.Y. 2009)). A defamation claim is sufficient if it "identif[ies] the allegedly defamatory statements, the person who made the statements, the time when the statements were made, and the third parties to whom the statements were published." Yukos Capital S.A.R.L., 2016 WL 183360, at *1.

Certain statements are privileged and cannot be defamatory under New York law. First, opinions are absolutely protected. See Chau v. Lewis, 771 F.3d 118, 128–29 (2d Cir. 2014). The New York Court of Appeals has advanced a four-factor test for differentiating statements of protected opinion from those asserting or implying actionable facts. See Immuno AG. v. J. Moor-Jankowski, 77 N.Y.2d 235 (1991). These are: (1) "an assessment of whether the specific language in issue has a precise meaning which is readily understood or whether it is indefinite and ambiguous"; (2) "a determination of whether the statement is capable of being objectively characterized as true or false"; (3) "an examination of the full context of the communication in which the statement appears"; and (4) "a consideration of the broader social context or setting surrounding the communication including the existence of any applicable customs or conventions which might signal to readers or listeners that what is being read or heard is likely to be opinion, not fact." Celle v. Filipino Reporter Enterprises Inc., 209 F.3d 163, 178-79 (2d Cir. 2000) (quoting Steinhilber v. Alphonse, 68 N.Y.2d 283, 292 (1986)). The burden rests with the party claiming defamation to establish that the disputed statement is not protected opinion. See Celle, 209 F.3d at 178.

Second, absolute privilege attaches to all communications made in the course of a judicial proceeding and that are pertinent to the pending proceeding, such as statements in a complaint. See Long v. Marubeni Am. Corp., 406 F. Supp. 2d 285, 293–95 (S.D.N.Y. 2005) (statements made "prior to, in the institution of, or during the course of a judicial proceeding" are privileged). The standard of a statement's pertinence "is 'extremely liberal,' such that 'any doubts are to be resolved in favor of pertinence.'" Feist v. Paxfire, Inc., 11 Civ. 5436 (LGS), 2017 WL 177652, at *4 (S.D.N.Y. Jan. 17, 2017) (quoting Flomenhaft v. Finkelstein, 8 N.Y.S.3d 161, 164 (1st Dep't 2015)). The burden is upon the party alleging defamation to "conclusively, and as a matter of law, establish the impertinency . . . of the statement." Id. (citing Grasso v. Mathew, 564 N.Y.S.2d 576, 578 (3d Dep't 1991)).

A claimant must also allege either special damages or defamation per se. Special damages consists of "the loss of something having economic or pecuniary value which must flow directly from the injury to reputation caused by the defamation[.]" Celle, 209 F.3d at 179 (internal citation and quotation marks omitted). Special damages must be "fully and accurately stated, with sufficient particularity to identify actual losses." Thai, 726 F. Supp. 2d at 330 (internal citation and quotation marks omitted). This particularity requirement is strictly applied, as defamation claims will be dismissed for failure to allege special damages with the requisite degree of specificity. See Emergency Enclosures, Inc. v. Nat'l Fire Adjustment Co., Inc., 68 A.D.3d 1658, 1660 (4th Dep't 2009). Statements that are defamatory per se are actionable without proof of special damages. Generally, a statement that "tend[s] to injure the plaintiff in his or her trade, business or profession" is defamatory per se. Albert v. Loksen, 239 F.3d 256, 271 (2d Cir. 2001). Also, "[w]here a statement impugns the basic integrity or creditworthiness of a business, an action for defamation lies and injury is conclusively presumed." Celle, 209 F.3d at

5

180 (internal citation and quotation marks omitted); see also Kforce, Inc. v. Alden Personnel, Inc., 288 F. Supp. 2d 513, 517 (S.D.N.Y. 2003).

**III.    Defendants Fail to State a Defamation Claim**

Defendants' defamation counterclaim fails to state a claim. First, defendants have failed to identify the purportedly false statements. Their Answer suggests that the allegedly defamatory statements were the plaintiff's "appraisals." Id. ¶ 25 (plaintiff knew "that the allege appraisals inaccurately described the items purchased"). But in applying the Steinhilber analysis, any "appraisals" would be construed as privileged statements of opinion. Statements as to how specific jewelry pieces should be valued cannot be "objectively characterized as true or false"; instead, appraisals are understood in the "broader social context" as subjective determinations that hinge on the individual appraiser's ability and the methods applied to estimate the value. Steinhilber, 68 N.Y.2d at 292. Indeed, the ultimate value of an item may depend on how the appraiser describes inherently subjective features, such as the quality and rarity of the gemstone and the quality of the manufacture. A jewelry's value may also depend on whether the appraiser is determining the fair market value, the replacement value or the resale value. Defendants have not asserted, let alone satisfied, their burden that the statements were not opinions. See Celle, 209 F.3d at 178.

In opposing the motion to dismiss, defendants offer the affidavit of defendant Sam Kassin. Of course, on a motion to dismiss, the Court is limited to the four corners of the pleading. See Capogrosso v. Troyetsky, 14 Civ. 381 (KNF), 2015 WL 4393330, at *2 (S.D.N.Y. July 17, 2015) (refusing to consider affidavits submitted in support of defendant's Rule 12(b)(6) motion "because it is a matter outside the pleadings"). But even if the Court relied upon the affidavit to better understand the defendants' counterclaim, such reliance would establish that the

alleged defamatory statements trigger the absolute privilege afforded to judicial documents. In the only paragraph that addresses the defamation counterclaim, Kassin offers that the plaintiff "stated that the jewelry was 'not merchantable,' was falsely described, was sold after misleading representations and that the value was 'grossly inflated.'" See Affidavit of Sam Kassin ¶ 8. The terms "not merchantable" and "grossly inflated" are quoted from the plaintiff's complaint, suggesting that the plaintiff's defamatory statement is the complaint. See Complaint ¶¶ 37, 42. Thus, to the extent, defendants' counterclaim is based on the allegations set forth in the plaintiff's complaint, it is protected and cannot form the basis of a defamation claim. See Long, 406 F. Supp. 2d at 293–95.

Thus, the counterclaim fails to identify adequately the alleged defamatory statement; and any discernable statements are privileged as a statement of opinion (the appraisals) or a statement contained within a judicial filing (the complaint).

Second, defendants have not provided enough factual allegations concerning publication of the statements to a third party or the context in which the statement was made to provide notice to the plaintiff. Germain, 111 F. Supp. 3d at 537. Defendants merely allege that the statements were "published and distributed" but do not describe the medium of publication and distribution and to whom the statements were allegedly made. Defendants also fail to specify when exactly the statements were made, instead asserting vaguely that plaintiffs made the statements "over a period of time." Answer, Affirmative Defenses and Counterclaims ¶ 23 (ECF No. 21). A party claiming defamation must plead when the statements were made so that opposing party has an opportunity to assert a defense based on New York's one-year statute of limitations for defamation claims. See Goldman v. Barrett, 15 Civ. 9223 (PGG), 2016 WL 5942529, at *9 (S.D.N.Y. Aug. 24, 2016). That the Court must assess for itself whether the

statute of limitations has run and whether plaintiff has a viable defense speaks to just how threadbare defendants' allegations are.

Third, defendants have not alleged with any particularity the damages suffered that would allow either plaintiff or the Court to identify the actual losses incurred. See Thai, 726 F. Supp. 2d at 330 (internal citation and quotation marks omitted). Because defendants have not alleged special damages, they must therefore allege defamation per se. According to defendants, plaintiff's allegations of the purchased items' were "inaccurate and incorrect" as to the value of the jewelry he purchased. Answer, Affirmative Defenses and Counterclaims ¶ 24 (ECF No. 21). But statements of value concerning specific pieces of jewelry, made by a disgruntled customer, do not denigrate defendants' business existence, reputation or integrity. See Kforce, Inc., 288 F. Supp. 2d at 517. Such statements of value cabined to particular items, rather than encompassing defendants' profession or general trustworthiness, does not constitute defamation per se.

According, plaintiff is entitled to dismissal on defendants' defamation counterclaim.

## CONCLUSION

Plaintiff's motion to dismiss defendants' defamation counterclaim for failure to state a claim is GRANTED without prejudice.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   March 28, 2017
         New York, New York